UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA LORENZ, *et al.*,<br><br>            Plaintiffs,<br><br>     v.<br><br>M. SHEPARD, *et al.*,<br><br>            Defendants. | Case No.   1:23-cv-00604-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiffs Alicia Lorenz and Patrick Lorenz, Sr. ("Plaintiffs" or "Ms. Lorenz" and "Mr. Lorenz") proceed *pro se* and *in forma pauperis* in this civil rights action filed on April 19, 2023. (ECF No. 1). On October 12, 2023, the Court screened Plaintiffs' complaint, concluding that Plaintiffs failed to state any cognizable claims. (ECF No. 6). The screening order directed Plaintiffs to either file a First Amended Complaint or notify the Court in writing that they wished to stand on their complaint, within thirty days. (*Id.* at p. 11). Plaintiffs have not followed either course of action, and the deadline to do so has passed.[1] Because Plaintiffs have failed to prosecute

---

[1] The Court's screening order was sent to each plaintiff. On November 27, 2023, the Court's screening order was returned as undeliverable to both Plaintiffs by the United States Post Office. On December 4, 2023, Mr. Lorenz filed a notice of change of address. (ECF No. 7). The Clerk's Office sent the Court's screening order to Mr. Lorenz's updated address on December 4, 2023.

this case and comply with the Court's order, the Court recommends dismissal of this case without prejudice.

**I.     BACKGROUND**

Plaintiffs' complaint alleges constitutional claims against M. Shepard, a lieutenant at California State Prison—Corcoran ("CSP—Corcoran"), the Warden of CSP-Corcoran, and the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiffs generally allege that their constitutional rights were violated when Lieutenant Shepard called Ms. Lorenz's cell phone regarding Plaintiffs' son, Patrick Lorenz Jr. ("Patrick Jr."), who was incarcerated at CSP-Corcoran at the time of the phone call, but failed to answer on the call whether Patrick Jr. was dead.

On October 12, 2023, the Court screened Plaintiffs' complaint and found that it failed to state any cognizable claims. (ECF No. 6, p. 10). The Court provided Plaintiffs with relevant legal standards regarding Section 1983, supervisory liability, claims for cruel and unusual punishment under the Eighth Amendment, claims for unreasonable search and seizure under the Fourth Amendment, claims for retaliation under the First Amendment, and the doctrine of sovereign immunity. (*Id.*, pp. 5-10). The Court gave Plaintiffs leave to file to file an amended complaint, or in the alternative, notify the Court that they intended to stand on their complaint. (*Id.*, pp.10-11). The Court advised Plaintiffs that, if they chose to stand on the filed complaint, the Court would issue findings and recommendations to a district judge recommending dismissal of the action consistent with the Court's screening order. (*Id.* at p. 11). Finally, the Court provided that failure to comply with the screening order "may result in the dismissal of this action." (*Id.*)

**II.    ANALYSIS**

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiffs have failed to file an amended complaint or otherwise notify the Court that they want to stand on their complaint as required by a court order. Allowing this case to proceed further without any indication that Plaintiffs intend to prosecute their case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiffs' failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiffs have chosen not to prosecute this action and failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiffs *in forma pauperis* status. (*See* ECF No. 5). And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

\\\

### III. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiffs' failure to prosecute and comply with the Court's order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiffs may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 9, 2024**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE