UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA LORENZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> M. SHEPARD, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-00604-JLT-EPG <br><br> ORDER VACATING JANUARY 9, 2024 FINDINGS AND RECOMMENDATIONS <br><br> (ECF NO. 8) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE <br><br> (ECF Nos. 1, 8, 9). <br><br> OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiffs Alicia Lorenz and Patrick Lorenz, Sr. ("Plaintiffs" or "Ms. Lorenz" and "Mr. Lorenz") proceed *pro se* and *in forma pauperis* in this civil rights action filed on April 19, 2023. (ECF No. 1). Plaintiffs generally allege that their constitutional rights were violated when Lieutenant Shepard called Ms. Lorenz's cell phone regarding Plaintiff's son and said Plaintiffs' son was hurt but did not give any details.

The Court screened Plaintiff's complaint, concluding that Plaintiffs' complaint failed to state any cognizable claims. (ECF No. 6). The Court directed Plaintiffs to either file an amended

complaint or written notice that Plaintiffs wished to stand on their complaint. (*Id.* at 16-17). Plaintiffs failed to follow either course of action by the requisite deadline.

On January 9, 2024, the Court issued findings and recommendations that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order. (ECF No. 8). On January 29, 2024, Plaintiffs filed separate amended complaints. (ECF Nos. 9, 10). Although untimely filed, the Court will construe Plaintiffs' amended complaints as a consolidated amended complaint, and upon review, will recommend that this action be dismissed with prejudice.

## I. SCREENING REQUIREMENT

As Plaintiffs proceed *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 5). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\
\\\

## II. SUMMARY OF PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

### A. Ms. Lorenz's Amended Complaint

Ms. Lorenz's amended complaint identifies Lt. M. Shepard, a correctional officer, as Defendant. Mr. Lorenz alleges that Defendant unlawfully called her and told her of an incident concerning Plaintiffs' son. Defendant said Plaintiffs' son was hurt but did not give any details. According to Ms. Lorenz's amended complaint, the law states that Defendant cannot call unless an inmate has died or is on life support. The call resulted in extreme fear and consternation in both Plaintiffs. (ECF No. 9 at 5-6).

### B. Mr. Lorenz's Amended Complaint

Mr. Lorenz's amended complaint identifies Lt. M. Shepard as Defendant. Mr. Lorenz alleges that Defendant illegally called him. Mr. Lorenz seeks $50,000 in damages. (ECF No. 10 at 5-6).

## III. ANALYSIS OF PLAINTIFFS' COMPLAINTS

### A. Standards for Section 1983 Claims

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

3

state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.   Rule 8 Requirement of Short and Plain Statement

Plaintiffs' consolidated amended complaint fails to comply with Rule 8(a).

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiffs' consolidated amended complaint is very brief and does not include any specific factual allegations beyond the conclusory allegation that Defendant "illegally" called Plaintiffs.

Plaintiff does not point to any law or constitutional right. Plaintiffs' complaints fail to give notice to Defendant what Plaintiff believes Defendant did that violated Plaintiffs' constitutional rights. Accordingly, the Court finds that Plaintiffs' consolidated amended complaint is subject to dismissal under Rule 8(a).[1]

### C. Dismissal with Prejudice

"A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (collecting cases) (footnote omitted). "Dismissal with prejudice of a complaint under Rule 41(b) is a harsh remedy. . . ." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "The district judge should first consider less drastic alternatives, but need not exhaust them all before finally dismissing a case." *Id.* (citation and internal quotation marks omitted). "These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that [Plaintiff] associate experienced counsel." *Nevijel*, 651 F.2d 671, 674 (9th Cir. 1981).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiffs' failure to cure the deficiencies identified by the Court in the first screening order, despite being afforded plenty of time to do so, is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiffs' failure to comply with Rule 8(a), despite the

---

[1] Although Plaintiffs' original complaint contained further allegations, the Court's screening order specifically advised Plaintiffs "that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged." (ECF No. 6 at 10).

5

Court specifically identifying the deficiencies of Plaintiffs' original complaint, that has delayed, and will continue to delay, resolution of this case. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the Court previously warned Plaintiffs that failure to comply with Rule 8(a) could result in dismissal of their complaint,[2] granted Plaintiff leave to amend to cure the deficiencies identified by the Court, and gave Plaintiff thirty days to do so. However, Plaintiffs' consolidated amended complaint suffers the same material deficiencies identified in the first screening order. Thus, it appears that further leave to amend would be futile. Accordingly, the Court has considered less drastic sanctions, but sees no more appropriate option.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

**IV.    ORDER, CONCLUSION, AND RECOMMENDATIONS**

Based on the foregoing, IT IS ORDERED that the Court's findings and recommendations issued on January 9, 2024, (ECF No. 8), are vacated.

Additionally, the Court RECOMMENDS that:

1. This case be dismissed with prejudice; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiffs may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections

---

[2] In the first screening order the Court explained the deficiencies in Plaintiffs' original complaint. (ECF No. 6 at 5-10). The Court also provided Plaintiffs with relevant legal standards regarding Rule 8(a), Section 1983, supervisory liability, claims for cruel and unusual punishment under the Eighth Amendment, claims for unreasonable search and seizure under the Fourth Amendment, claims for retaliation under the First Amendment, and the doctrine of sovereign immunity. (*Id.* at 5-10). The Court further informed Plaintiffs that they could choose to stand on their complaint, in which case the Court would issue findings and recommendations to a district judge recommending dismissal of the action consistent with this order. (*Id.* at 11). The Court also warned Plaintiffs that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*)

within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 1, 2024**                                  /s/ *Erica P. Grosjean*
                                                            UNITED STATES MAGISTRATE JUDGE